IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

MARY LEE SALSER,                      *

    Plaintiff,                    *

vs.                                   *
                                                CASE NO. 3:10-CV-17 (CDL)
CLARKE COUNTY SCHOOL DISTRICT,        *
et al.,
                                           *

    Defendants.
                                           *

## O R D E R

Plaintiff Mary Lee Salser ("Salser") was employed by the Clarke County School District ("CCSD") as a speech pathologist. Salser, who has rheumatoid arthritis, claims that CCSD and its employees discriminated against her in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"). Defendants contend that Salser's ADA claims based on acts and omissions that occurred prior to October 4, 2007, are barred for failure to exhaust administrative remedies. For the reasons set forth below, the Court agrees, and Defendants' Motion for Partial Summary Judgment (ECF No. 9) is granted as to Salser's ADA claims based on acts and omissions that occurred prior to October 4, 2007.

Defendants also assert that Salser may not maintain any claims against the Clarke County Board of Education ("BOE") because, under Georgia law, the BOE is not an entity with the capacity to be sued. *See, e.g., Cook v. Colquitt Cnty. Bd. of Educ.*, 261 Ga. 841, 841, 412

S.E.2d 828, 828 (1992) ("[A] county board of education, unlike the school district which it manages, is not a body corporate and does not have the capacity to sue or be sued.") Salser agrees that she may not maintain claims against the BOE and that CCSD is the proper Defendant. Pl.'s Br. in Resp. to Defs.' Mot. for Partial Summ. J. 3-4, ECF No. 14-1 [hereinafter Pl.'s Resp.]. Accordingly, the Court grants Defendants' Motion for Partial Summary Judgment (ECF No. 9) as to Salser's claims against the BOE.

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

## FACTUAL BACKGROUND

In accordance with Local Rule 56, Defendants filed a statement of material facts to which Defendants contend there is no genuine

dispute. Defs.' Mot. for Partial Summ. J. Ex. 1, Defs.' Statement of Material Facts Not in Dispute, ECF No. 9-1. Pursuant to Local Rule 56, each of Defendants' fact statements is supported by a specific citation to the record. Salser did not respond to Defendants' statement of material facts as she was required to do under Local Rule 56. Although Plaintiff did submit a "Statement of Material Facts in Dispute," ECF No. 15, her statement of material facts contains no citations to the record. For these reasons, Defendants' statement of undisputed material facts is deemed admitted under Local Rule 56. M.D. Ga. R. 56. The Court has reviewed those citations to "determine if there is, indeed, no genuine issue of material fact." *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008) (internal quotation marks omitted). Based on the Court's review of Defendants' statement of material facts and record citations, the undisputed facts, viewed in the light most favorable to Salser, are as follows.

Salser was employed by CCSD as a speech pathologist. Salser suffers from rheumatoid arthritis, which she contends is a disability within the meaning of the ADA. Salser filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on April 1, 2008. Compl. ¶ 51, ECF No. 1; *accord* Defs.' Am. Reply to Pl.'s Resp. Ex. A, Pl.'s Dep. Ex. 191, EEOC Charge, April 1, 2008, ECF No. 22 at 13 [hereinafter Pl.'s EEOC Charge]. In her EEOC Charge, Salser asserted that: (1) she requested reasonable

3

accommodations for her disability on August 14, 2007, but was denied; (2) CCSD moved her to a newly constructed school in December 2007 but failed to provide Salser with accommodations suggested by her doctor; and (3) she requested reasonable accommodations for her disability in January 2008 but was denied. *Id.* When asked to state what the alleged discrimination was based on, Salser checked the boxes labeled "Retaliation" and "Disability." *Id.* Salser stated in her EEOC Charge that the earliest date of discrimination was August 14, 2007, and that the latest date of discrimination was March 28, 2008. *Id.* Salser did not check the "Continuing Action" box. *Id.*

In her Complaint, Salser contends that Defendants discriminated against her because of her disability, denied her reasonable accommodations, and retaliated against her for requesting accommodations and complaining of disability discrimination. *See* Compl. ¶¶ 26, 29-32, 35-38, 40-42, 45, 47-49, 55, 61. Defendants' partial summary judgment motion attacks Salser's allegations that Defendants discriminated or retaliated against Salser in the following ways:

(1) During the 2004-2005 school year, Salser requested reasonable accommodations for her disability, but Defendants "largely ignored" those requests. Compl. ¶ 26. For Salser, the 2004-2005 school year began on August 2, 2004, and ended on May 24, 2005.

4

Defs.' Mot. for Summ. J. Ex. 3, Hardaway Aff. ¶ 4, ECF No. 9-3 [hereinafter Hardaway Aff.].

(2) During the 2005-2006 school year, Salser requested reasonable accommodations for her disability, but Defendants "largely ignored" those requests. Compl. ¶ 26. For Salser, the 2005-2006 school year began on August 1, 2005, and ended on May 23, 2006. Hardaway Aff. ¶ 5.

(3) In May 2006, Salser was assigned to serve students at two different schools, even though Defendants knew that Salser's disability made it difficult for Salser to move. Compl. ¶ 29.

(4) During the 2006-2007 school year, Salser requested reasonable accommodations for her disability, but Defendants assigned her to schools that were not handicap accessible and did not provide the requested accommodations. *Id.* ¶¶ 30-32. For Salser, the 2006-2007 school year began on July 31, 2006, and ended on May 22, 2007. Hardaway Aff. ¶ 6.

## DISCUSSION

**I. ADA Exhaustion Requirements**

Before filing a suit under the ADA, a plaintiff must exhaust the available administrative remedies by filing a timely charge of discrimination with the EEOC. 42 U.S.C. § 2000e-5(e)(1) (stating that Title VII charge of discrimination must be filed within 180 days after the alleged unlawful employment practice); 42 U.S.C. § 12117(a)

5

(applying remedies and procedures of Title VII, including 42 U.S.C. § 2000e-5, to ADA); *accord Anderson v. Embarq/Sprint*, 379 F. App'x 924, 926 (11th Cir. 2010) (per curiam). For a claim to be timely in Georgia, the charge of discrimination must be filed with the EEOC within 180 days after the date of the alleged discrimination. 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(e)(1); *accord Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). "A discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.' A party, therefore, must file a charge within . . . 180 . . . days of the date of the act or lose the ability to recover for it." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002).

**II. Claims Based on Pre-October 4, 2007 Acts and Omissions**

In this action, Salser filed an EEOC charge on April 1, 2008. Defendants contend that Salser's claims based on Defendants' acts or omissions that occurred more than 180 days prior to April 1, 2008—or prior to October 4, 2007—are barred for failure to exhaust administrative remedies. Salser asserts that her claims are not time-barred under the continuing violation doctrine because she alleged in her Complaint that Defendants' failures to accommodate her disability amounted to a hostile work environment. Under the continuing violation doctrine, a plaintiff's charge of discrimination regarding a hostile work environment is considered timely if "an act

6

contributing to the claim occurs within the filing period," even if "some of the component acts of the hostile work environment fall outside the statutory time period." *Morgan*, 536 U.S. at 117.

Though Salser attempts to frame her pre-October 2007 disability discrimination and retaliation claims as a hostile work environment claim, her Complaint regarding the pre-October 2007 acts and omissions focuses on several discrete acts of failing to accommodate Salser's disability. A claim based on a discrete act is "different in kind" from a hostile work environment claim. *Id.* at 114-15. "A hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice.'" *Id.* at 117. A hostile work environment "involves repeated conduct," such as "discriminatory intimidation, ridicule, and insult." *McCann v. Tillman*, 526 F.3d 1370, 1378 (11th Cir. 2008). In contrast, each "discrete act" of discrimination or retaliation is an adverse employment action that constitutes an actionable unlawful employment practice on its own. *Morgan*, 536 U.S. at 114. Discrete acts include "termination, failure to promote, denial of transfer, or refusal to hire." *Id.* Denial of a reasonable accommodation for a disability is also a discrete act of discrimination. *See Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 970 (11th Cir. 2008) (finding that district court correctly found

that failure to provide light work assignments constituted discrete act under *Morgan*).

Even allegations of a "pattern" of discrete acts cannot be brought under a hostile work environment theory; each discrete act "must be challenged as separate statutory discrimination and retaliation claims." *McCann*, 526 F.3d at 1379. Furthermore, the Supreme Court has "repeatedly interpreted the term [employment] 'practice' to apply to a discrete act or single 'occurrence,' even when it has a connection to other acts." *Morgan*, 536 U.S. at 111. The term "practice" does not convert "related discrete acts into a single unlawful practice for the purposes of timely filing." *Id.* "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Id.* at 113.

Salser's Complaint alleges that, prior to October 4, 2007, Defendants failed to accommodate Salser's disability during three school years, the latest of which ended on May 22, 2007. Each alleged denial of a reasonable accommodation is a discrete act "that must be challenged as separate statutory discrimination and retaliation claims." *McCann*, 526 F.3d at 1379; *see also Davis*, 516 F.3d at 970 (finding that district court correctly found that failure to provide light work assignments constituted discrete act under *Morgan*). Claims regarding these discrete acts cannot be brought

8

under a hostile work environment theory. *McCann*, 526 F.3d at 1379. For all of these reasons, the Court finds that Defendants are entitled to summary judgment on Salser's ADA claims that are based on acts and omissions that occurred prior to October 4, 2007.

**III. Claims Based on Post-April 1, 2008 Acts and Omissions**

In their reply brief, Defendants appear to suggest that they are entitled to summary judgment on any claims related to discrete acts of disability discrimination or retaliation that occurred after April 1, 2008. Defs.' Am. Reply to Pl.'s Resp. 8. Defendants did not clearly raise this issue in their summary judgment motion, so it is not properly before the Court. Even if Defendants had raised the issue, their argument is flawed. Defendants appear to contend that Salser's post-April 1, 2008 retaliation claims are barred because they are beyond the scope of her April 1, 2008 EEOC Charge. *Id.* Salser alleges, however, that Defendants retaliated against her for, among other things, filing the EEOC Charge. Compl. ¶ 62. "'[I]t is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court.'" *Thomas v. Miami Dade Pub. Health Trust*, 369 F. App'x 19, 23 (11th Cir. 2010) (per curiam) (quoting *Gupta v. E. Tex. State Univ.*, 654 F.2d 411, 414 (5th Cir. Unit A Aug. 1981).

CONCLUSION

For the foregoing reasons, Defendants' Motion for Partial Summary Judgment (ECF No. 9) is granted as to Salser's claims that are based on acts and omissions that occurred prior to October 4, 2007. Defendants are not, at this time, entitled to summary judgment on Salser's post-April 1, 2008 retaliation claims.

The following claims remain pending: (1) Salser's claims for ADA discrimination and failure to accommodate based on acts or omissions that occurred after October 4, 2007; (2) Salser's ADA retaliation claims based on acts or omissions that occurred after October 4, 2007; and (3) Salser's claims under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*

Defendants previously requested an extension of the dispositive motions deadline pending the Court's ruling on their partial motion for summary judgment, and the Court granted that extension. Text Only Order, Dec. 15, 2010. Dispositive motions shall be filed on or before January 26, 2011.

IT IS SO ORDERED, this 5th day of January, 2011.

                                              S/Clay D. Land
                                                  CLAY D. LAND
                                  UNITED STATES DISTRICT JUDGE